IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RAPHAEL COLIN ETTIENNE, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 2:12cv779-TMH |
| ) | (WO) |
| SCOTT HASSELL, ) | |
| ) | |
| Respondent. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Raphael Colin Ettienne ("Ettienne") initiated this action as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his detention at the Etowah County, Alabama, Detention Center under the authority of the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE"). Arguing that his continued detention is unconstitutional, Ettienne seeks immediate release under an order of supervision.

**DISCUSSION**

In general, a 28 U.S.C. § 2241 petition for habeas corpus relief that challenges the constitutionality of a prisoner's current confinement must be filed in the district court in which a petitioner is incarcerated. *See Rumsfeld v. Padilla*, 542 U.S. 426 (2004); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973); *United States v. Plain*, 748 F.2d 620, 621 (11th Cir. 1984); *Blau v. United States*, 566 F.2d 526, 527 (5th Cir. 1978). Ettienne is currently incarcerated at the Etowah County Detention Center in Gadsden,

Alabama. This correctional facility is located within the jurisdiction of the United States District Court for the Northern District of Alabama. "For the convenience of parties and witnesses, [and] in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a). Under the circumstances of this case as outlined herein, the court concludes that this case should be transferred to the United States District Court for the Northern District of Alabama for review and determination.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama for all further proceedings.

It is further

ORDERED that on or before **September 26, 2012**, the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

Done this 12th day of September, 2012.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE